**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Richard J. Hubbard,  :
 :
    Plaintiff,  :
 :
v.  :  CIVIL ACTION NO.
 :  1:10-cv-00836-JOF
Clayton County School District, et al.,  :
 :
    Defendants.  :

## **OPINION & ORDER**

This matter is before the court on Plaintiff's second motion for leave to file amended complaint [64].

Plaintiff, Richard J. Hubbard, filed suit against Defendants, Clayton County School District, d/b/a Clayton County Public Schools Clayton County Board of Education and others, alleging that Defendants retaliated against him and wrongfully terminated his employment in violation of O.C.G.A. § 45-1-4 and state contract law. Plaintiff also alleged that Defendants violated his right to free speech under the Georgia and United States Constitutions. Defendants removed the suit to this court on March 23, 2010, and the court subsequently denied Plaintiff's motion to remand.

Plaintiff has once amended his complaint and now seeks leave to do so again. Defendants oppose this because despite information gleaned in discovery, Plaintiff still has not demonstrated he has exhausted his administrative remedies. Plaintiff contends that he

should be excused from exhausting his administrative remedies because it would be futile to do so.

For the purposes of context, the court summarizes the relevant facts as alleged in Plaintiff's complaint. Plaintiff worked for Clayton County since August 1996 as a classroom teacher and administrator. *See* Amended Cmplt., ¶ 8. In May 2006, Plaintiff was elected as President of the Georgia Association of Educators for a two year term. *Id.*, ¶ 9. Plaintiff and Clayton County entered into an "on-loan" agreement whereby Plaintiff would remain an employee of Clayton County School District and accrue employment benefits during his two year term as President of the Georgia Association of Educators and the Association would reimburse the School District for Plaintiff's salary and benefits. *Id.*, ¶ 11. This arrangement was to be in place from July 1, 2006 through June 30, 2008. *Id.*, ¶ 11. The parties performed under the terms of this agreement until February 2008. *Id.*, ¶¶ 11-14.

On February 15, 2008, the Southern Association of Colleges and Schools ("SACS") released its Report of the Special Review Team for Clayton County Public Schools. *Id.*, ¶ 18. The report was unfavorable. *Id.*, ¶¶ 19-21

On March 3, 2008, after an unfavorable report from the Southern Association of Colleges and Schools, Defendants revoked the "On Loan Agreement" by voting to "discontinue any employee leave that is not specifically allowed by Board Policy." *Id.*, ¶ 28. This act affected four individuals, including Plaintiff. *Id.*, ¶ 29. Defendants ordered

2

Plaintiff to report to Kendrick Middle School on March 17, 2008, to work as an assistant principal for the remainder of the 2007-2008 school year. *Id.*, ¶ 31. On March 13, 2008, Plaintiff told Defendants that he believed their actions were retaliatory and meant that he would not be able to complete his term as President of the Georgia Association of Educators. *Id.*, ¶ 33.

"Defendant forced Plaintiff to tender his resignation by forcing him to abandon his position as GAE President, despite prior agreement." *Id.*, ¶ 34. Plaintiff requested a "cash-out" of his vacation days, but did nothing with his sick days. *Id.* The School Board took no action on his resignation. *Id.*, ¶ 35.

On March 30, 2008, Plaintiff orally rescinded his resignation during a telephone call with Jacquelyn Hubbert, the Clayton County School District's Assistant Superintendent for Human Resources. *Id.*, ¶ 36. Plaintiff sent a follow-up e-mail and asked Defendants to place him on "unpaid leave" for the remainder of his term as President. *Id.*, ¶ 36. On April 2, 2008, Defendants stated they would not oppose Plaintiff's request for unpaid professional leave until June 30, 2008. *Id.*, ¶ 37.

Plaintiff was re-elected as President of the Georgia Association of Educators for the 2008-2010 term. *Id.*, ¶ 42. Plaintiff asked Defendants for a contract for the 2008-2009 school year and also for the granting of unpaid professional leave for that contract year. *Id.*

3

Defendants responded that Plaintiff had resigned his employment and would not be given any unpaid leave status or a contract for the 2008-2009 school year. *Id.*, ¶ 44.

In an order dated March 8, 2011, the court granted in part and denied in part Defendants' motion to dismiss. *See* Docket Entry [29]. As part of that order, the court found that Plaintiff's breach of contract claim was based on the "on loan" agreement made between Clayton County and the Georgia Association of Educators and whether Defendants "revoked" that agreement prior to its scheduled expiration in June 2008. *See* Docket Entry [29], at 17. The court found that Plaintiff was not raising a breach of contract claim with respect to Defendants' failure to renew his contract for the 2008-2009 school year. *Id.*

The court then addressed Defendants' argument that Plaintiff is required to exhaust administrative remedies with respect to this claim pursuant to O.C.G.A. § 20-2-1160(a), which provides that:

> [e]very county, city, or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary.

*Id.* at 19 (quoting statute). The court found that Plaintiff's breach of contract claim constituted a "local controversy" and did require the exhaustion of administrative remedies which Plaintiff had not done. *Id.* at 22.

The court stated that there were no allegations in Plaintiff's Amended Complaint which supported his assertion that he asked for and was refused a hearing or that such a

4

request would have been futile. *Id.* at 22. The court admitted of the possibility that discovery "might lead to additional relevant information on attempts to exhaust or the potential futility of exhaustion." *Id.* at 23. Therefore the court granted Defendant's motion to dismiss, but also granted Plaintiff leave to renew the issue if "additional information be developed in discovery that would impact the court's ruling on exhaustion and futility." *Id.*

Based on this discussion by the court, Plaintiff filed the instant motion to amend his complaint to add certain factual information. Plaintiff contends this information shows that any attempt to exhaust administrative remedies would have been futile because the Clayton County School Board had revoked the authority of Superintendent Dr. Gloria Duncan to make personnel changes and had turned over the day-to-day running of the district to the Board's counsel, Mr. Dorsey Hopson. Mr. Hopson, however, testified that he was not authorized to make personnel decisions. Thus, Plaintiff avers that the Board was without an individual who had authority to make personnel decisions and any attempt on his part to exhaust his administrative remedies would have been futile.

The parties' briefing in this matter is not particularly helpful because of their tendency to conflate the distinct issues of exhaustion versus ultimate success on the merits of Plaintiff's breach of contract claim. The court has ruled that Plaintiff was required to exhaust his breach of contract claim. Plaintiff states his breach of contract claim is that the Board failed to adhere to the term of the "on loan" agreement which stated that at the

5

expiration of the term of the agreement, the employee would return to the position he had before he went on leave. *See* Reply, Docket Entry [67], at 5-6. The court focuses its attention here when considering whether any attempts at exhaustion would have been futile.

It is undisputed that the Clayton County School Board voted on March 3, 2008, to rescind all leave not consistent with its current policies. The parties dispute the basis for making this decision, but that dispute is not relevant to the instant question. On March 12, 2008, the Clayton County School District assigned Plaintiff to the position of Assistant Principal at Kendrick Middle School. Plaintiff – again for reasons not relevant at this point – decided to resign from the Clayton County School District in order to continue in his position as President of the Georgia Association of Educators. He wrote a letter, dated March 13, 2008, stating that he resigned and asking that the School District provide him with a check for his accrued personal leave.

Plaintiff then changed his mind and on March 31, 2008, Plaintiff offered to rescind his resignation if the Board would allow Plaintiff unpaid leave until the end of the school year in June 2008, to finish his term as President. Defendants made no response to this request and Plaintiff continued as President without ever returning to service in the Clayton County School District.

After Plaintiff secured a second term as President of the Georgia Association of Educators, Plaintiff again contacted the Clayton County School District to address the fact

6

that Plaintiff had revoked his resignation and to request that he be given an additional two year period of leave.

On September 15, 2008, Julie E. Lewis, in house counsel for the Clayton County School District, wrote to Plaintiff's counsel and stated:

> I am writing to let you and your client know the decision that has been made by the Clayton County Public Schools in response to recent communications you have sent. It is clear after having met and after having reviewed the supporting documentation that Mr. Hubbard did resign from the Clayton County Public School System in March of this year.
>
> The interim Superintendent, Gloria Duncan, accepted Mr. Hubbard's resignation pursuant to Board policy GBO. Furthermore, Mr. Hubbard clearly abandoned his contract by his refusal to accept the position at Kendrick Middle School and his failure to report to work at Kendrick Middle School. In addition, based on Mr. Hubbard's demand in his resignation letter that his unused vacation leave be paid out immediately, the school system sent him a check for his unused annual leave, which he cashed on March 21, 2008. Based on the above acts, it is clear that mutual rescission of the contract took place.

*See* Letter, dated Sept. 15, 2008, Docket Entry [66]. Exh. F.

Again, focusing not on whether the in-house counsel's legal conclusions are accurate, what is important about the letter for the purposes of exhaustion is that it contains a written, final decision by the School District that Plaintiff had not successfully revoked his resignation, and therefore, the contract had been rescinded. This letter was written in September 2008, well after the immediate turmoil that embroiled the Clayton County School System and School Board during the accreditation crisis. By September 2008, at least five

7

new Board members had been sworn in. While it is possible that Plaintiff might have an argument that any decision made in March 2008 could not effectively be challenged at that immediate time due to the upheaval in the district, the court need not even reach a decision on whether administrative remedies were available in the School District at that time because the situation had stabilized by September 2008.

The record undisputably shows that the School District made a decision in September 2008 that Plaintiff had not revoked his resignation and Plaintiff made no effort to challenge that decision in any forum. In his deposition, Plaintiff explains why he did not:

Q: When Clayton County via Julie Lewis's letter refused to allow you to rescind your resignation in September 2008, did you ask for a hearing before the Board on the issue?

A: No. Because of the fact that at that time I was counseled, let's wait until they get a new superintendent in, a fully elected new Board in. Because given the situation right now, it would not be good news for you.

*See* Hubbard Depo., at 203-04. Plaintiff's own testimony demonstrates that his failure to seek review by the Board was not a matter of futility, rather it was a matter of strategy.

Plaintiff complains that the September 18, 2008, letter is not a decision by the Board and that the Board never ruled on whether he had revoked his resignation. But the reason the Board never made a decision on this issue is that Plaintiff never asked the Board to make a decision. He never asked for a hearing and it is such a hearing that is the subject of O.C.G.A. § 20-2-1160 ("Every county . . . board of education shall constitute a tribunal for

8

hearing and determining any matter of local controversy"). It is this failure of Plaintiff to request such a hearing that demonstrates he has not exhausted his administrative remedies.[1]

Because even assuming the truth of the factual allegations Plaintiff seeks to add via amendment to his complaint, Plaintiff cannot show that any efforts at exhaustion would have been futile, the court DENIES Plaintiff's second motion for leave to file amended complaint [64].

**IT IS SO ORDERED** this 18th day of October, 2012.

                S/ J. Owen Forrester
                J. OWEN FORRESTER
                SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff states that he had "on-going communications" with the Board to take some action and that he is "still waiting to hear from the Board." *See* Hubbard Depo., at 176-77. But Plaintiff never requested that the Board have a hearing and he did not make that request for specific strategic reasons based on his belief as to what the outcome of such a hearing would be. Plaintiff's concern that he would not be successful in a hearing does not render such a hearing futile. *Cf. Atlanta Public Schools v. Diamond*, 261 Ga. App. 641, 642 (2003) (finding exhaustion futile where Board *refused* plaintiff's request for hearing).

9